WILLIAM F. MERRILL *vs.* IDELL L. MACOMBER *et al.*

APRIL 9, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Wills.*

Unless a contrary intention appears in the will, it will be presumed that it was the intention of testator to dispose of his entire estate, and not to die intestate as to a portion of it, and where a will is susceptible of two constructions the law will place upon it that construction which disposes of the entire estate.

*(2)  Wills.  Construction.*

The intent of a testator may be found in the terms of the will or may be determined in case of ambiguity or misdescription by extrinsic evidence. In carrying out the apparent intent of a testator, words may be rejected or so restrained in their application that the literal meaning of a particular sentence will be changed.

*(3)  Wills.  Misdescription.*

A will which describes the property devised with sufficient particularity to
establish its identity is a valid instrument.  It is not necessary that the
description of the property be accurate if there is enough in the will itself,
together with such extrinsic evidence as may be offered to lead to the
identification of the estate.

*(4)  Wills.  Misdescription.*

Testamentary devise by a non-resident of "my piece of land in Providence,
R. I."

Testator did not own any land in Providence, either at the time of the execu-
tion of the will or thereafter, but his only real estate in Rhode Island con-
sisted of a parcel of land in "East Providence."

*Held,* that it being apparent from the will that testator intended to dispose of
his entire estate, the word "Providence" would be disregarded as a mis-
description and the property allowed to pass to the devisee.

BILL IN EQUITY for construction of will.

VINCENT, J.  This is a bill in equity for the construction
of the will of Susan L. Macomber.  The bill was filed in the
Superior Court and service was duly made upon the re-
spondents, Idell L. Macomber and Florence G. Weston,
who with the complainant comprise all the parties interested
in the estate in question.  Neither of the respondents
entered an appearance nor filed any answer, plea or de-
murrer.  A decree was entered in the Superior Court
taking the bill as confessed against the respondents and
certifying the cause to this court for its determination as
to the proper construction, the validity, and legal effect
of a certain paragraph of said will.

The will of Susan L. Macomber was executed on the 18th
day of August, 1899.  By its terms the entire estate of the
testatrix, both real and personal, was left to her mother,
Urania Macomber, for and during the term of her natural
life.  Urania Macomber deceased intestate on the 6th day
of March, 1912.  The will contains no residuary clause but
its provisions, other than the one creating the life estate,
seem to us to exhibit an intent, on the part of the testatrix,
to dispose of her entire estate.  Unless there is something
to the contrary to be found in the will, it will be presumed

that the testatrix intended to dispose of her entire estate
and it cannot be presumed that she intended to die in-
testate as to a portion of it.   *White* v. *White*, 150 Ky. 283,
at 288;   40 Cyc. 1409, 1525.

In *White* v. *White, supra,* the court said:   "It is a well
recognized rule of construction that when a will is executed,
it is the presumption that the testator intends to dispose of
his whole estate, and does not intend to die intestate as to
any part of his property, which presumption is overcome
only where the intention of the testator to do otherwise is
plain and unambiguous, or is necessarily implied.   Or,
stated in another way, the court, in construing a will, will
favor such a construction as will dispose of the entire estate,
when it is apparent from the whole instrument that it was
the testator's intention to dispose of his entire estate, and
the presumption is against a construction resulting in partial
intestacy.   And where a will is susceptible of two con-
structions, the law will place upon it that construction
which disposes of the entire estate."

The particular paragraph of the will which we are called
upon by the bill to construe is as follows:   "To my cousin,
William Frederick Merrill, of Roxbury, my piece of land in
Providence, R. I., if not previously sold—If sold I give him
Three Hundred Dollars instead of the land."

(2)   The testatrix, Susan L. Macomber, was not a resident
of Rhode Island, but resided in Cambridge, in the Common-
wealth of Massachusetts.   She did not, at the time of ex-
cuting her will, August 18, 1899, or at any time thereafter,
own any real estate in "Providence, R. I."   Her only real
property, within the State of Rhode Island, consisted of
a small parcel of land located in "East Providence, R. I."

In other paragraphs of the will bequests are made to
these respondents who, as before stated, are the heirs-at-law
of Susan L. Macomber.

In construing the provisions of a will it is necessary that
the intent of the testator should be ascertained and if
possible made effective.   The intent may be found in the

terms of the will itself or may be determined, in case of ambiguity or misdescription, by extrinsic evidence. In carrying out the apparent intent of a testator words may be rejected or so restrained in their application that the literal meaning of a particular sentence will be changed. *Finley* v. *King's Lessee*, 3 Pet. 346; *Decker* v. *Decker*, 121 Ill. 341; 40 Cyc. 1392.

It is not unreasonable to presume that the testatrix being a non-resident might have been unfamiliar with exact geographical boundaries in Rhode Island and that she might have erroneously assumed that the name "East Providence, R. I.," was used to indicate the easterly portion of the city of Providence.

It being apparent to us from a perusal of the will that it was the intention of the testatrix to dispose of her entire estate and it further appearing extrinsically that she owned but a single piece of land in the State of Rhode Island, the conclusion is both reasonable and inevitable that the testatrix had in mind and intended to devise to the complainant the parcel of land which she owned in "East Providence, R. I."

(3) A will which describes the property devised with sufficient particularity to establish its identity is a valid instrument. In other words, it is not necessary in order to make the will effective that the description of the property should be accurate if there is enough in the will itself, together with such extrinsic evidence as may properly be offered, to lead to the identification of the estate. *Taylor* v. *Taylor*, 93 N. E. 9; 40 Cyc. 1528.

We think that the use of "Providence, R. I.," instead of "East Providence, R. I.," was simply a misdescription of the premises intended to be devised, which arose through a want of intimate acquaintance with localities in Rhode Island. Such a misdescription comes within the maxim (4) *falsa demonstratio non nocet* and may be disregarded wholly or in part and the property allowed to pass to the devisee. *McNally* v. *McNally*, 23 R. I. 180; *Hawkins, Ex'r.* v. *Young*, 52 N. J. Eq. 508; *Allen* v. *Bowen*, 105 Ill.

361; *Decker* v. *Decker*, 121 Ill. 341. Many other cases might be cited to the same effect if further authority was needed.

We think that the word "Providence" in the present case may be rejected or disregarded and that it was the intention of the testatrix to devise her land situated in Rhode Island to the complainant.

The complainant may present to this court a decree in accordance with this opinion.